AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
February 28, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 22cr33-4 |
| Leslie Edrington ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
      § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
      Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
      (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs
      (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
      described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
      jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
    § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
    to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
    committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
    defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☒ Prior attempt(s) to evade law enforcement
- ☒ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

After considering the pretrial services report, the testimony presented at the hearing, the proffer of the Defendant, and the factors contained in 18 U.S.C. § 3142(g), the Court concludes that the United States has met its burden to prove by a preponderance of the evidence that no combination of conditions can reasonably assure the appearance of the Defendant on the charges in this case.  The Court bases this conclusion on the following findings and considerations:

(1) The charged offenses include a multi-layered fraud scheme that involved making false statements and submitting false writings to the FTC, credit reporting agencies, financial institutions, including those that participate loan programs from the Small Business Administration and federally-backed assistance programs such as the PPP program.  If convicted, the Defendant faces a term of imprisonment of up to 30 years and a fine of one million dollars. The Defendant is alleged to have used the home in which she lives as a base of operations for the conspiracy.  Although during his testimony at the hearing the agent failed to conclusively identify the leader of the conspiracy, he testified that Heather Campos, Defendant's daughter who is currently a fugitive, is the likely leader and that Defendant was heavily involved in the administration of the scheme.

(2) The weight of the evidence is the least important factor the Court considers when deciding the issue of detention.  In this case, the Government presented extensive testimony and evidence of a lengthy, multi-layered, geographically widespread, fraud scheme and contends the fraud conspiracy involved over $47 million dollars.  The evidence, some of which was introduced as Exhibits 1-23 at the hearing, included emails and text messages between co-conspirators regarding the fraud scheme, at least one email conversation referring to "cleaning computers" or an attempt to destroy evidence, evidence of falsification of documents, and evidence that Leslie Edrington identifies as a sovereign citizen who believes she is not subject to the laws or jurisdiction of the United States.  The weight evidence presented at the hearing was substantial.

(3) The history and characteristics of the Defendant.  The Court's decision to detain the Defendant relies most heavily on her personal history and characteristics.  The Defendant's conduct on several occasions demonstrates that she adheres to the beliefs of the "sovereign citizen" following.  For example, knowing her daughter, Heather Campos, was wanted on a federal arrest warrant and is currently a fugitive from justice, Leslie Edrington posted notices on her front door containing language that identify herself and her youngest daughter, ShyAnne Edrington, as sovereign citizens.  (See Exhibit 23, sign posted on front door stating Leslie Edrington has "international immunity" and is "not accepting contracts.").  When multiple uniformed law enforcement officers arrived at her home to arrest her and ShyAnne Edrington pursuant to warrants issued in connection with the Superceding Indictment, Leslie Edrington looked at officers through the glass next to her door and while pointing to the sign, refused to open the door.  Officers told her that if she continued to refuse to open the door or come outside, they would breach the door.  After she continued to point to the sign and refused to open the door, officers breached the door to her home and arrested her without further incident.

The testimony regarding the extensive fraud scheme established that Leslie Edrington's role in  the fraud scheme included attesting to the veracity of the fraudulent statements in various documents and at times reassuring the victim "clients" that they would not be subject to the financial instruments such as mortgages that they were executing as part of the fraud scheme.  She was given this role in the conspiracy because she had an "elderly, trusting, voice."  Based on the conduct at

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

the time of her arrest, her significant role in the conspiracy, her relationship with her daughter who is a fugitive, her conduct in declaring herself a sovereign citizen and sending cease and desist letters to law enforcement, her former attorneys, and the Court, there is no reason to believe the Defendant would comply with any conditions set by this Court. Furthermore, based on testimony that Leslie Edrington lied to federal agents and investigators while under subpoena, the Court has no basis to believe she would be truthful and forthright with a supervising pretrial officer.

(4) seriousness of the danger to community or individuals.  The Court finds the United States failed to demonstrate clear and convincing evidence of physical danger that would result from the release of Leslie Edrington.  However, Defendant's use of other individual's personal identifying information and involvement in an extensive fraud scheme does pose a financial danger to certain individuals and to various financial institutions.  The Court's decision to detain Ms. Edrington is not based on a finding of danger to the community.

The Court finds that the United States has met its burden to show by a preponderance of the evidence that the Defendant presents a serious risk of non-appearance and obstruction of justice:  she faces a very lengthy prison sentence, the evidence of her participation in the scheme was fairly substantial, and she has demonstrated a disregard for law enforcement orders and for telling the truth under oath.  The Court has no confidence the Defendant would be truthful or compliant with conditions of release.  Therefore, there are no conditions the Court could set that would reasonably assure her appearance in this case.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  February 28, 2022

_____
United States Magistrate Judge